Gretchen L. Lowe
James H. Holl, III
Alan I. Edelman
U.S. Commodity Futures Trading Commission
1155 21st St, NW
Washington, DC 20581
Attorneys for PLAINTIFF

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

Civil Action No. 3:09cv484/MCR/EMT

---

U.S. COMMODITY FUTURES TRADING
COMMISSION,

        Plaintiff,

v.

DAVID A. OWEN, an individual,

        Defendant.

---

## [PROPOSED] CONSENT STATUTORY RESTRAINING ORDER, ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF

### I.

### INTRODUCTION

Plaintiff, the U.S. Commodity Futures Trading Commission

("Commission") has filed a Complaint for permanent injunction and other relief

against Defendant, David A. Owen (hereinafter "Defendant"). Defendant, without admitting or denying the allegations of the Complaint for the purpose of this Consent Statutory Restraining Order/ Order of Preliminary Injunction and Other Equitable Relief ("Order"), but admitting to allegations referring to jurisdiction and venue as stated below, consents to entry of this Order and states that this Order is entered into voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce him to consent to this Order.

**THE COURT HEREBY FINDS THAT:**

1. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the Commodity Exchange Act (the "CEA" or the "Act"), 7 U.S.C. § 13a-1 (2006), and Section 2(c)(2) of the Act, as amended by the Food, Conservation and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (The CFTC Reauthorization Act of 2008 ("CRA") Sections 13101-13204, 122 Stat. 1651 (Effective June 18, 2008).

2. Venue lies properly within this District pursuant to Sections 6c(e) of the CEA, 7 U.S.C. § 13a-1(e) (2006). There is good cause to believe that the Defendant has engaged, is engaging and/or is about to engage in acts and practices constituting violations of the CEA, 7 U.S.C. §§ 1, et seq. (2002).

3. There is good cause to believe that Defendant has engaged in, is

engaging in, or is about to engage in violations of Sections 4b(a)(2)(i)-(iii), 4m(1) and 4o(1) of the Act , 7 U.S.C. §§ 6b(a)(2)(i)-(iii), 6m(1), and 6o(1) (2008), and Sections 4b(a)(1)(A)-(C) of the CRA, to be codified at 7 U.S.C. §§ 6b(a)(1)(A)-(C) and Commission Regulations 4.20 and 4.21, 17 C.F.R. §§ 4.20, 4.21(2009).

4. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for investors in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by Defendant of assets or records unless Defendant is immediately restrained and enjoined by Order of this Court.

5. Good cause exists for the freezing of assets, owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendant in order to assure payment of restitution and disgorgement as authorized and for the benefit of pool participants and other investors.

6. Good cause exists for entry of an order prohibiting Defendant from destroying records and denying agents of the Commission access to inspect and copy records.

7. Good cause exists to permit expedited discovery before the early meeting of counsel pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, in order to ascertain the existence and location of assets, clarify the source of funds and identify all pool participants and other investors.

8. Good cause exists to require an accounting to determine the location and disposition of pool participants' and other investors' funds.

9. Good cause exists to order repatriation of Defendant's assets to assure payment of restitution and disgorgement as authorized and for the benefit of pool participants and other investors.

10. Pursuant to Rule 30(a)(2) of the Federal Rules of Civil Procedure, immediate depositions are consistent with the principles of Rule 26(b)(2) of the Federal Rules of Civil Procedure.

11. Weighing the equities and considering the Commission's likelihood of success in its claims for relief, the issuance of a statutory restraining order is in the public interest.

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

12. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

13. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts including bank accounts and accounts at financial institutions, credits, receivables, lines of credit, contracts including spot and futures contracts, insurance policies, and all cash, wherever located.

14. "Defendant" David A. Owen, and for all parties includes any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of any or all of the Defendant, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Defendant.

## RELIEF GRANTED

### I.

### ORDER AGAINST TRANSFER, DISSIPATION, AND DISPOSAL OF ASSETS

**IT IS HEREBY ORDERED** that

15. Defendant is restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, including those owned, controlled, managed, or held by, on

behalf of, or for the benefit of Defendant, wherever located, including assets held outside the United States, except as provided in Paragraph III of this Order, or as otherwise ordered by the Court. The assets affected by this paragraph shall include both existing assets and assets acquired after the effective date of this Order.

16. Defendant, and his agents, servants, employees, attorneys, and persons in active concert or participation with them who receive actual notice of this Order by personal service except as otherwise ordered by this Court, are restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, including those owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendant, wherever located, including assets held outside the United States, except as provided in Paragraph III of this Order, or as otherwise ordered by the Court. The assets affected by this paragraph shall include both existing assets and assets acquired after the effective date of this Order.

17. Defendant is restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name or subject to access by the Defendant.

**II.**

## DIRECTIVES TO FINANCIAL INSTITUTIONS AND OTHERS

**IT IS FURTHER ORDERED**, pending further Order of this Court, that any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendant, or has held, controlled, or maintained custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendant at any time since October 1, 2006, shall:

18. Prohibit Defendant and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset except as directed by further order of the Court;

19. Deny Defendant and all other persons access to any safe deposit box that is: (a) titled in the name of the Defendant either individually or jointly; or (b) otherwise subject to access by the Defendant;

20. Provide counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every such account or asset titled in the name, individually or jointly, of the Defendant, or owned, controlled, managed, or held by, on behalf of, or

for the benefit of the Defendant: (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is either titled in the name, individually or jointly, of the Defendant or is otherwise subject to access by the Defendant; and

21. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

### III.

### ACCOUNTING AND TRANSFER OF FUNDS AND DOCUMENTS

**IT IS FURTHER ORDERED** that within five (5) business days following the execution of this Order, Defendant shall:

22. Provide the Commission with a full accounting of all funds, documents, and assets, including those outside of the United States, that are owned,

managed, or held by, on behalf of, or for the benefit of, or under the direct or indirect control of Defendant, whether jointly or singly;

23. Transfer to the territory of the United States all funds, documents, and assets located in foreign countries which are owned, managed, or held by, on behalf of, or for the benefit of, or under the direct or indirect control of Defendant, whether jointly or singly; and

24. Provide the Commission access to all records of the Defendant held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records.

## IV.

## MAINTENTANCE OF BUSINESS RECORDS

**IT IS FURTHER ORDERED** that:

25. Defendant and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of the Defendant.

## V.

## INSPECTION AND COPYING OF BOOKS AND RECORDS

**IT IS FURTHER ORDERED** that:

26. Representatives of the Commission be immediately allowed to inspect the books, records, and other documents of the Defendant and their agents including, but not limited to, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are on the person of the Defendant or others, and to copy said documents, data and records, either on or off the premises where they may be situated; and

27. Defendant and their agents, servants, employees, attorneys, and persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, shall cooperate fully with the Commission to locate and provide to representatives of the Commission all books and records of the Defendant, wherever such books and records may be situated.

## VI.

## BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED** that:

28. Plaintiff Commission is an agency of the United States of America and, accordingly, no bond need be posted by the Commission.

## VIII.

## ORDER PERMITTING EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that:

29. The prohibition upon discovery before the early meeting of counsel is removed pursuant to Rule 26(d) of the Federal Rules of Civil Procedure.

30. The prohibition upon the immediate commencement of depositions is removed pursuant to Rule 30(a)(2)(C) of the Federal Rules of Civil Procedure.

31. The parties may proceed to take the oral deposition of any person upon three calendar days actual notice if the notice is served upon the parties personally or by telecopier to the party's last known business telecopier number.

32. The parties may take the deposition of any person for the purpose of discovering the nature, location, status, source and extent of assets of the Defendant and the location of any documents reflecting those assets.

## IX.

## SERVICE OF ORDER

**IT IS FURTHER ORDERED** that:

33. This Order shall be served on Defendant by personal service consistent with Federal Rule of Civil Procedure Rule 4(e). All subsequent pleadings, correspondence, notices required by this Order, and other materials shall be served consistent with Federal Rule of Civil Procedure Rule 4.

## X.
## Prohibition From Violations of the
## Act and Commission Regulations

**IT IS HEREBY FURTHER ORDERED** that Defendant, all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Defendant, and all persons insofar as they are acting in active concert or participation with Defendant who receive actual notice of this order by personal service or otherwise, shall be prohibited and restrained from directly or indirectly:

34. in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or other agreement, contract or transaction subject to paragraph (1) and (2) of Section 5a(g) of the Act, that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market -

    a. cheating or defrauding or attempting to cheat or defraud other persons

    b. willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for or, in the case of paragraph (2), with the other person.

c. willfully making or causing to be made to other persons false reports or statement, or willfully entering or causing to be entered for the other person any false record ;

in violation of section 4b(a)(2)(A)-(C) of the act, as amended by the CRA, to be codified at Section 6b(a)(2)(A)-(C).

35. using the mails or instrumentalities of interstate commerce in or in connection with his business as a commodity pool operator ("CPO") while failing to register with the Commission as a CPO, in violation of Section 4m(1) of the CEA, 7 U.S.C. § 6m(1) (2008).

36. while acting as a CPO, employing a device, scheme or artifice to defraud pool participants, clients and prospective pool participants or clients or engaging in a transaction, practice or course of business which operates as a fraud or deceit upon pool participants, clients and prospective pool participants or clients, in violation of Section 4o(1) of the CEA, 7 U.S.C. § 6o(1) (2006).

37. while acting as a CPO, (1) accepting pool funds in Defendant' names; (2) failing to treat the pool as a separate entity; and (3) commingling pool funds in accounts in Defendant' names; in violation of Commission Regulation 4.20(a)(1), (b) and (c), 17 C.F.R. §§ 4.20 (a)(1), (b) and (c) (2009).

38. while acting as a CPO, failing to furnish disclosure documents to pool participants and receive signed and dated acknowledgments from pool participants

that they received the disclosure documents, in violation of Commission Regulation 4.21, 17 C.F.R. § 4.21 (2009).

39. Engaging in, controlling, or directing the trading for any commodity futures, security futures, options on futures, forex, or forex options account for himself or on behalf of any other person or entity, whether by power of attorney or otherwise; and

40. Applying for registration or claiming exemption from registration with the CFTC in any capacity, or engaging in any activity requiring such registration or exemption from registration with the CFTC, or acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the CFTC. This prohibition includes, but is not limited to, soliciting, accepting, or receiving any funds or other property from any person or entity in connection with the purchase or sale of any commodity futures, security futures, options on futures, forex, or forex options.

## X.

### FORCE AND EFFECT

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

**SO ORDERED**, at Pensacola, Florida, on the 9Th day of Nov. 2009.

                               *M. Casey Rodgers*
                               UNITED STATES DISTRICT JUDGE

Approved and agreed:

Date: October 29, 2009

_____
James H. Holl, III
Chief Trial Attorney
Gretchen L. Lowe
Associate Director
Alan Edelman
Trial Attorney
U.S. Commodity Futures Trading Commission
1155 21 St, NW
Washington, D.C. 20581
202.418.5311
F202.418.5311
Attorneys for Plaintiff

_____
David A. Owen
Defendant

14